**[J-72-2019][M.O. - Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA, | : | No. 66 MAP 2018 |
| | : | |
| | : | Appeal from the Order of the |
| Appellant | : | Commonwealth Court at No. 1066 CD |
| | : | 2017 dated 5/18/18 reversing the order |
| | : | of the Office of Open Records at No. AP |
| v. | : | 2017-0593 dated 7/7/17 |
| | : | |
| | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellee | : | ARGUED:  November 19, 2019 |

**CONCURRING OPINION**

**CHIEF JUSTICE SAYLOR**                              **DECIDED:  June 16, 2020**

Regarding the majority's holding that it is appropriate for this Court to apply an abuse-of-discretion standard in appeals from the Commonwealth Court's review of determinations by the Office of Open Records, I join that holding and the supporting reasoning.

I also join the majority's holding, as well as its rationale, in the application of that standard to conclude that the Commonwealth Court failed to conduct a sufficient review of the Office of Open Records' determination requiring disclosure of the unredacted Pennsylvania State Police Policy.  *See* Majority Opinion, *slip op.* at 27.  I respectfully differ, however, with the majority's position that, "we need not . . . hold that the reviewing court commits an error of law simply because it declined to take into account any given piece of evidence that [the Office of Open Records] sought, admitted, or

considered." *Id.* at 16. In my view, this proposition -- as stated -- is in tension with reviewing courts' statutory obligation, under the RTKL, to issue its findings of fact and conclusions of law "based on the evidence as a whole." 65 P.S. §67.1301(a).

It might perhaps be viewed by some as a semantic issue whether a court that fairly attributes little or no weight to any given item of evidence has "taken [that item] into account" in its analysis. Majority Opinion, *slip op.* at 16. I believe, however, that a court properly discharges its review function, taking all evidence into account, when it considers the record in the totality, even though the court may discount the significance of some discrete evidentiary submissions.

Justice Dougherty joins this concurring opinion.